IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PAUL ADAM MOSES, ) | |
| ) | |
| Petitioner ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | **AND RECOMMENDATION** |
| ) | |
| SECRETARY NC DOC ) | 1:08CV493 |
| THEODIS BECK, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on Respondent's motion for summary judgment (docket no. 5). Petitioner has not responded to the motion, and the time for response has run. In this posture, the matter is ripe for disposition. For the reasons which follow, it will be recommended that the motion be granted.

BACKGROUND

Petitioner is a state court convict who was convicted by a jury in the Superior Court of Forsyth County of first-degree rape, statutory sexual offense, felony incest, and indecent liberties with a child. The jury believed that Petitioner touched his daughter under the age of 13 over and under her clothes, that he penetrated her digitally, and that he had sexual intercourse with her. He was sentenced to a total of 769 - 950-months imprisonment. The North Carolina Court of Appeals filed an unpublished opinion finding no error at trial. *State v. Moses*, No. COA06-356, 2007 WL 1598090 (N.C. Ct. App. June 5, 2007). Petitioner's motion for appropriate relief (MAR) was denied by the superior court as was his petition for certiorari in the North

Carolina Court of Appeals. Respondent does not contend that this federal petition was untimely filed.

As his grounds for relief in this court, Petitioner contends that (1) the trial court committed plain error in allowing Shannon Warden, a school counselor, to testify that in her opinion the child victim had been sexually abused and was being genuine in her report of sexual abuse by her father; (2) the trial court erred in failing to dismiss the first-degree sexual offense of a child under 13 years, due to insufficiency of evidence; (3) the trial court erred in failing to dismiss the first-degree rape of a child under 13 years, due to insufficiency of evidence; (4) the trial court committed plain error in its attempt to instruct on reasonable doubt; and (5) the trial court improperly charged the jury on the elements of first-degree rape of a child under 13 years and did not disclose the elements of the offense when requested by the jury. First, the standards which guide the court's analysis will be set out and then Petitioner's contentions will be addressed in turn.

ANALYSIS

A. Summary Judgment

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. *Celotex*

2

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear his burden either by presenting affirmative evidence or by demonstrating that the non-moving party's evidence is insufficient to establish his claim. *Celotex Corp.*, 477 U.S. at 331 (Brennan, J., dissenting). When making the summary judgment determination, the court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997).

It is too glib, however, simply to say that the standard formulation for assessing summary judgment in the run-of-the-mill civil case applies in all habeas cases. For example, the usual summary judgment analysis contemplates accepting the evidence and all justifiable inferences from the evidence in the light most favorable to the non-movant. In the habeas context, however, if there is a contention that the evidence at trial does not support the underlying conviction, the appropriate standard calls for viewing the evidence in the light most favorable to the prosecution

3

and according the prosecution the benefit of all reasonable inferences from the evidence and, in that light, determining if any rational trier of fact could have found the petitioner guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

By way of another example, in a habeas claim of ineffective assistance of counsel, a federal court "must indulge a strong presumption that counsel's conduct was reasonable, and . . . the petitioner must overcome the presumption that the challenged conduct may have been sound trial strategy." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Nevertheless, the point is that habeas cases are subject to a summary judgment analysis as are all civil cases. *See* Rule 11, Rules Governing Section 2254 Cases In The United States District Courts; *see also Maynard v. Dixon*, 943 F.2d 407, 412-13 (4th Cir. 1991) (FED. R. CIV. P. 56 applies to habeas proceedings); *but cf.* 17A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4268 (2d ed. 1988) ("The procedure of applications for habeas corpus for state prisoners is a confusing amalgam, to be found in a variety of different sources. There are a number of procedural provisions in the habeas corpus statutes themselves.").

B. Section 2254

Section 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State

court proceedings unless the adjudication of the claim–(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2000). In addition, factual determinations made by a state court are afforded a presumption of correctness. See 28 U.S.C. § 2254(e)(1).

Section 2254 precludes *de novo* federal habeas corpus review of state court decisions on the merits of a petitioner's claim. *Bell v. Jarvis*, 236 F.3d 149,159-60 (4th Cir. 2000) (en banc) (overruling *Cardwell v. Greene*, 152 F.3d 331, 339 (4th Cir. 1998)). When faced with a state court decision that does not explicitly cite or apply federal law, the habeas court should conduct an "independent examination of the record and the clearly established Supreme Court law." *Bell,* 236 F.3d at 158. Nevertheless, the habeas court must still confine its review to whether the "result" of the state court decision "is legally or factually unreasonable." *Id.* at 163 (quoting *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir. 1999)); *see also Early v. Packer*, 537 U.S. 3, 8 (2002) ("Avoiding these pitfalls does not require citation of our cases--indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the *result* of the state-court decision contradicts them." (first emphasis in original, second emphasis added)).

A state court decision is contrary to Supreme Court precedent if it arrives at a conclusion opposite that of the Supreme Court on a question of law or decides the

5

case differently from Supreme Court precedent based on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court decision is an unreasonable application of Supreme Court law "when a state-court decision unreasonably applies the law of [the Supreme] Court to the facts of a prisoner's case." *Id.* at 409. The "unreasonable application" standard does not admit of easy definition. For example, Justice O'Connor, writing for a majority of the Court, has said that "[t]he term 'unreasonable' is no doubt difficult to define." *Williams*, 529 U.S. at 410. Nevertheless, more recently the Supreme Court has said that the

> unreasonable application prong of § 2254(d)(1) permits a federal habeas court to grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of petitioner's case. In other words, a federal court may grant relief when a state court has misapplied a governing legal principle to a set of facts different from those of the case in which the principle was announced. In order for a federal court to find a state court's application of our precedent unreasonable, the state court's decision must have been more than incorrect or erroneous. The state court's application must have been objectively unreasonable.

*Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (citations omitted); *see also Penry v. Johnson*, 532 U.S. 782, 793 (2001) (stating that even if the habeas court determines that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if the application was also objectively unreasonable); *Williams*, 529 U.S. at 410 (stating that an *unreasonable* application of federal law is different from an *incorrect* application of federal law).

6

Finally, even if the state court's adjudication is contrary to or an unreasonable application of Supreme Court precedent, a federal habeas court may not grant relief unless the constitutional error "had substantial and injurious effect or influence in determining the jury's verdict." *Penry*, 532 U.S. at 795 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). While the AEDPA standard is difficult to overcome, "[t]he standard is demanding but not insatiable . . . '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke* ("*Miller-El II*"), 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell* ("*Miller-El I*"), 537 U.S. 322, 340 (2003)). These standards will guide the analysis below.

C. The claims

1. Trial court committed plain error in allowing Shannon Warden, a school counselor, to testify that in her opinion the child victim had been sexually abused and was being genuine in her report of sexual abuse by her father. Petitioner presented this claim to the state court of appeals, but he did not seek discretionary review in the state supreme court. Respondent thus contends that the claim is procedurally barred. To be sure, Petitioner did not raise any of his claims in a petition for discretionary review to the North Carolina Supreme Court after the North Carolina Court of Appeals denied them on direct review. *See O'Sullivan v. Boerckel*, 526 U.S. at 848 (stating that claims not raised in a petition for discretionary review to the state supreme court from an intermediate state appellate court on direct review were non-exhausted and were therefore procedurally barred from federal habeas review).

7

Thus, it appears that Respondent is correct in the contention that Petitioner has not properly exhausted this claim in the state court before bringing it here. In addition, Petitioner has failed to show that the opinion of the state court of appeals is contrary to United States Supreme Court precedent or an unreasonable application of Supreme Court law.

    2. Trial court error in failing to dismiss the first-degree sexual offense of a child under 13 years, due to insufficiency of the evidence. This contention, like the first one above, was not presented to the state supreme court after it was denied on the merits in the state court of appeals. Thus, for the same reasons as stated above, this claim is procedurally barred. Moreover, Respondent has correctly stated the standard of review of such a claim as this on federal habeas review. *See* Supporting Br., pp. 9-11. In short, the evidence must be viewed in the light most favorable to the prosecution, and taken in that light, if any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt, then the evidence is sufficient. *Id.* (collecting cases). The determination by the state court of appeals is correct as a matter of state law, *see State v. Moses*, 2007 WL 1598090, at *9, and did not result in a decision contrary to or an unreasonable application of federal law as determined by the United States Supreme Court.

    3. Trial court error in failing to dismiss the first-degree rape of a child under 13 years, due to insufficiency of evidence. As with the first two claims, this claim is procedurally barred because it was not presented to the state supreme court after

8

it was denied on the merits in the state court of appeals. Still the state court of appeals addressed this contention on direct review, *id.*, and Petitioner has failed to show that the decision was contrary to or an unreasonable application of federal law as determined by the United States Supreme Court.

    4. The trial court committed plain error in its attempt to instruct on reasonable doubt. This claim is procedurally barred because it was not presented to the state supreme court after it was denied on the merits in the state court of appeals. The state court of appeals clearly applied federal law in addressing this contention, *see State v. Moses*, 2007 WL 1598090, at *6 (citing *Victor v. Nebraska*, 511 U.S. 1 (1994)). Petitioner has failed to show that the court of appeals decision was contrary to or an unreasonable application of federal law as determined by the United States Supreme Court.

    5. The trial court improperly charged the jury on the elements of first-degree rape of a child under 13 years and did not disclose the elements of the offense when requested by the jury. This claim was not presented to the state court of appeals but was presented for the first time to the MAR court. That court denied this claim on the alternative basis that because it had not been raised on direct appeal, it was therefore procedurally barred. The claim is likewise procedurally barred in this habeas court. *See McCarver v. Lee*, 221 F.3d 583, 588-89 (4th Cir. 2000) (noting that North Carolina requires a claim that could be raised on direct appeal (in this

9

instance, ineffective assistance) to be so raised or it is barred from being raised for the first time in a MAR).

CONCLUSION

For these reasons, Petitioner is procedurally barred from federal habeas relief on the claims asserted in this petition. Moreover, the claims are subject to being denied on the merits because Petitioner has failed to show that the decisions of the state courts was contrary to or an unreasonable application of federal law as determined by the United States Supreme Court. Accordingly, **IT IS RECOMMENDED** that Respondent's motion for summary judgment (docket no. 5) be **GRANTED**.

_____
WALLACE W. DIXON
Unites States Magistrate Judge

February 23, 2009